# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| OREN JAMES JONES, ID # 1632157, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:11-CV-0700-G (BH) |
| ) | |
| RICK THALER,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 5, 2011. The respondent is Rick Thaler, Director of TDCJ-CID.

On March 16, 2010, petitioner pled guilty and was convicted of sexual assault, and he was sentenced to ten years imprisonment in Cause No. F08-39369. (*See* Petition (Pet.) at 2; www.dallascounty.org, search for petitioner's criminal background.).[2] In his federal petition, petitioner acknowledges that he filed no direct appeal of this conviction (Pet. at 3), and he acknowledges that his state writ is still pending (Pet. at 4). The relevant public records reflect that

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. TDCJ-CID Director Rick Thaler is therefore substituted as respondent in this case.

[2] Although Petitioner does not provide a trial court cause number, he listed the state writ cause number as being #W08-39369, which corresponds to trial court cause number F08-39369. (*See* www.dallascounty.org, search for petitioner's criminal background).

petitioner filed his state writ on February 7, 2011, and that it has not been addressed by the trial court and or by the Texas Court of Criminal Appeals. (*See* www.dallascounty.org, search for criminal background for petitioner; *see also* www.cca.courts.state.tx.us, search for petitioner).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented any claim to the Court of Criminal Appeals. He did not appeal his conviction, and the state application for writ of habeas corpus has not yet been ruled on by either the trial court or the Court of Criminal Appeals. The Court of Criminal Appeals has simply had no opportunity to review the claims raised in the instant federal petition.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity

to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented any claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 6th day of April, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE